The Honorable Doug Lawrence State Representative, 9th District P.O Box 156 Burlington, Kansas 66839
Dear Representative Lawrence:
As state representative for the 9th district, you have asked our opinion regarding the legality of a specific provision of a personel policy adopted on February 1, 1993 by the secretary of the Kansas department of wildlife and parks (KDWP). The statement of policy addresses conflicts of interest in relation to outside employment of department employees. The specific provision about which you inquire states:
 "The following are specific outside employment activities with which Department personnel shall not engage in:
1. Commercial guide
2. Commercial mussel harvester or dealer
3. Commercial bait harvester or dealer
4. Commercial fishing
5. Commercial fur dealer"
We note that all of the specified commercial activities are regulated by the KDWP. You question whether this blanket prohibition against specific employment activities without regard to employee duties is legally permissible.
Although the Kansas appellate courts have never had occasion to address the issue you raise, legal challenges have been brought against similar personnel policies in other states with varying outcomes. Generally blanket prohibitions against outside employment have been upheld in relation to police and fire-fighting functions against claims of unreasonableness. With these professions courts generally have found such policies to be a reasonable exercise of government authority because of the special nature of the work involved. 94 ALR 3d 1230, Annot: Validity, Construction, and Application of Regulation Regrding Outside Employment of Governmental Employees or Officers (1979).
In relation to other professions (civil service emplyees, teachers and other school district employees, welfare department employees and members of state commissions), court decisions have been mixed, with such policies validated in some situations and invalidated in others. A common thread of jurisprudence within this plethora of legal reasoning is difficult to discern. However many decisions support the ideal of protection of the public against government employee activities which would be inconsistent with official duties or potentially give rise to a conflict of interest. 94 ALR 3d 1230 (1979).
We do not find it necessary to resolve the question you pose as it relates to the KDWP policy because subsequent to your opinion request, the secretary of the KDWP placed a moratorium on the current policy and proposed a revised conflict of interest policy for employees of the department. The proposed revision which narrows the department's policy states:
 "Department personnel, whose duties include application review, approval or denial authority, enforcement responsibility, or operational duties directly associated with the below mentioned occupations, shall not engage in corresponding outside employment activities which are licensed by the Department:
1. Commercial guide
2. Commercial mussel harvester or dealer
3. commercial bait harvester or dealer
4. Commercial fishing
5. Commercial fur dealer."
The proposed policy revision also contains a statement of the secretary which sets forth his reasoning for this change:
 "The policy regarding conflict of interest of KDWP employees, effective Feb 1, 1993, included a blanket prohibition of specific employment activities for all KDWP employees, regardless of position or duties.
Kansas law directly addresses conflict of interests of public officers or employees. K.S.A. 75-4301 et seq. The purpose of this section is to prohibit "self-dealing." Attorney General Opinion No. 90-4.
An individual who is subject to a statutory conflict of interest is one who: (1) is a public officer or employee as defined in K.S.A. 75-4301; (2) has a substantial interest in or is employed by a business; and (3) is attempting, as a public officer or employee, to sign or participate in a contractual agreement between the public entity which employs the individual and the busines in which the individual has a substantial interest. Attorney General Opinion No. 90-4.
K.S.A. 46-215 et seq. addresses the separate considerations regarding ethical conduct of public officers or employees. Basically, K.S.A 46-233, which prohibits public employees and officers from participating in contracts in which they have a `substantial interest,' is the same as K.S.A. 75-4304, which prohibits contract formation in the same situation. Thus, if there is a conflict of interest, there is an ethical problem.
The purpose of the implemented conflict of interest policy was to eliminate any appearance of `self-dealing' or `favoritism' towards Department employees involved in occupations which the Department regulates. The blanket prohibition of specific employment activities for all Department employees, however, went beyond the specified purpose.
The proposed changes in the above policy delineates the specific employees which are prohibited from participating in the specific outside commercial activities involving wildlife, which the department manages. Implementation of a prohibition policy regarding the specified employees will accomplish the purpose behind the initial conflict of interest policy of Feb 1, 1993."
In our opinion, the secretary's proposed revision of the personnel policy which would prohibit specified employees from engaging in certain department-regulated commercial activities is a reasonable exercise of the secretary's authority. The revised policy seeks to guard the public against activities by department employees which would be inconsistent with their duties. In addition, the revised policy furthers the purpose of the Kansas conflict of interest statutes, K.S.A. 75-4301a et seq. and K.S.A. 46-215 et seq., which is to prohibit self-dealing by public officers and employees.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas